**UNITED STATES of America**

v.

**James E. FRACTION, Jr., Appellant.**

**No. 08–3807.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Feb. 12, 2009.

Filed: March 5, 2009.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

James E. Fraction, Jr., Inez, KY, pro se.

Before: RENDELL, HARDIMAN, and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

James Fraction, proceeding pro se, appeals from the District Court's order denying his petition for Writ of Error per: Audita Querela and All Writs Act, 28 U.S.C. § 1651. The District Court held that Fraction's claims are cognizable under 28 U.S.C. § 2255, and as a result, the writ of audita querela was not available as a remedy. The Court denied Fraction's motion without prejudice to his right to file a motion under either 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Fraction filed a timely notice of appeal in this Court. Fraction then filed a document purporting to be habeas petition pursuant to 28 U.S.C. § 2241 in this Court. For the reasons to follow, we will summarily affirm the District Court's order pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 because no substantial question is presented by this appeal.

In his petition, Fraction alleged that Congress violated the Quorum and General Journal Clause, Article 1, Section 5, of the United States Constitution, in its 1947 revision of Title 18 of the United States Code.[1] According to Fraction, no quorum was present when Congress voted on the bill. Therefore, Fraction contends, his conviction under 18 U.S.C. § 3231 is unconstitutional.

Motions pursuant to 28 U.S.C. § 2255 are "the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002)(citing *Davis v. United States,* 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)); *see also Wright v. Cuyler,* 624 F.2d 455, 457 (3d Cir.1980). The All Writs Act under which Fraction filed his petition is a residual source of authority to issue writs "where exceptional circumstances require it." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.,* 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985). In *United States v. Valdez–Pacheco,* 237 F.3d 1077 (9th Cir. 2001), the Court of Appeals for the Ninth Circuit held that "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled

---

1. Title 18 of the United States Code is the criminal and penal code of the federal government of the United States, dealing with federal crimes and criminal procedure.

by the common law writs" such as audita querela. *Id.* at 1080. As a result, § 2255 is not rendered "inadequate or ineffective," thereby enabling a prisoner to resort to coram nobis, by the mere fact that he cannot meet the stringent standards for authorizing the filing of a second or successive § 2255 motion. *United States v. Baptiste,* 223 F.3d 188, 189–90 (3d Cir. 2000)(per curiam). The same applies to petitions for a writ of audita querela. *See United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir.2005)(writ of audita querela unavailable where relief is cognizable under § 2255). As a result, the District Court was correct to deny Fraction's petition, and we will summarily affirm the District Court's decision.

We also note that Fraction has filed a habeas petition pursuant to § 2241 in this Court. Such a petition must first be filed in the appropriate District Court. We express no opinion on the merits of Fraction's claim.